671 So.2d 941 (1996)
Gloria BELL
v.
James H. OTT, Wiley Beevers and Wiley J. Beevers, P.L.C.
No. 94-CA-824.
Court of Appeal of Louisiana, Fifth Circuit.
February 13, 1996.
Writ Denied May 3, 1996.
*942 Thomas E. Stirewalt, Jr., Metairie, for plaintiff-appellant.
Wiley J. Beevers, Ronald S. Hagan, Gretna, for defendants-appellees.
Before GAUDIN, BOWES, GRISBAUM, DUFRESNE and CANNELLA, JJ.

ON APPLICATION FOR REHEARING
GRISBAUM, Judge.
This matter before us is an application for rehearing. We grant the rehearing. Upon rehearing, we set aside the original opinion of this Court dated November 15, 1995 and affirm the original holding of the trial court, which found the plaintiff's claim had prescribed.
The threshold question presented is whether the "savings clause" of La.R.S. 9:5605 applies to this plaintiff because her remedy lies in contract, not tort.
The facts in this matter are not at issue, and it is without question that, prior to 1990, prescription in claims of legal malpractice were controlled by La.Civ.Code arts. 3492 or 3499. If the claim was in tort, La.Civ.Code art. 3492 established a one-year prescriptive period; if the claim was based in contract, La.Civ.Code art. 3499 established a ten-year prescriptive period. In 1990, the Louisiana legislature enacted La.R.S. 9:5605, which changed the prescriptive period for all legal malpractice claims, regardless of whether the basis was in tort or contract, to one year from the date of the act, or its discovery with a three-year peremptive period. In 1992, the legislature amended this law to provide:
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events be filed ... on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided ... are peremptive periods ... and ... may not be renounced, interrupted, or suspended.
La.R.S. 9:5605(B).
We, like the First and Fourth Circuits, agree that the grace period established in La.R.S. 9:5605 was intended to grant to all claimants that had any alleged act, omission, or neglect occur at any time prior to September 7, 1990 until September 7, 1993 to file suit. It logically follows that the legislative intent was that the prescriptive and peremptive periods were to apply retroactively and the "savings clause" relates to the three-year peremptive period. Because "[w]ithout this exemption the amendment when enacted would immediately and retroactively bar suits by those ignorant of malpractice if that malpractice occurred more than three years before September 7, 1990." Succession of Hellmers, 93-2386, 93-2387, 93-1883, 93-2073 (La.App. 4th Cir. 5/26/94), 637 So.2d 1302, 1306. Therefore, the legislative intent was not to extend the one-year [discovery aspect] prescriptive period.
The record shows that the property settlement was executed on February 22, 1988; the plaintiff discovered the liens on her property on October 5, 1990; the plaintiff eventually fired the defendant on May 16, 1991; and the plaintiff filed suit on August 5, 1993. Again, we agree with our brothers of the First and Fourth Circuits that the plaintiff was not within the class of persons protected by the 1992 amendment of La.R.S. 9:5605. That is, we find that the amendment *943 clarified legislative intent that the prescriptive and peremptive periods were to apply retroactively and the "savings clause" relates to the three-year peremptive period and not to the one-year prescriptive period. From the factual scenario presented, this plaintiff knew of the malpractice in October 1990, and she retained the defendant until May 1991. Therefore, this plaintiff had until May 1992 to file suit. Ergo, the suit filed in August 1993 had prescribed. We further note La. R.S. 9:5605 is controlling in any malpractice claim with no distinction whatsoever between a claim that lies in contract and one that lies in tort.
Upon rehearing, based on the above discussion, we affirm the holding of the trial court, which found the plaintiff's claim had prescribed. Each party is to bear its own costs.
REHEARING GRANTED AND ORIGINAL HOLDING OF TRIAL COURT AFFIRMED.
BOWES, J., dissents from the Court's Action on Rehearing for the same written reasons as CANNELLA, J.
CANNELLA, J., dissents from the Court's Action on Rehearing.
CANNELLA, Judge, dissenting from the Court's Action on Rehearing.
In my view, the majority on rehearing misses what distinguishes this case from those of the First and Fourth Circuits, that is, a window of opportunity to file the claim. In the cases considered in those circuits, the plaintiffs had a window of opportunity to file their suits after the effective date of the legislation that shortened the prescriptive period for their actions. Here, the plaintiff had no such opportunity before her rights were barred by retroactive application of the statute reducing the prescriptive period applicable to her claim.
Plaintiff herein asserted allegations of legal malpractice sounding in contract. At the time that the alleged malpractice occurred, February 22, 1988, the law provided a ten year prescriptive period for such a claim. La.R.S. 9:5605, as amended in 1992, reduced that ten year period to one year from discovery, but no more than three years. If that statute is applied to the plaintiff's case without benefit of the "savings clause," as the majority on rehearing is applying it, plaintiff's case will be barred by the enactment and retroactive application of the statute without plaintiff being afforded reasonable opportunity to assert her claim. In my view, the "savings clause" was added to La.R.S. 9:5605 to cover just such a case as the one presented here. The majority, on rehearing, errs in not recognizing the plaintiff's right to file her claim under that part of the statute, which, by its very terms, applies to "any alleged act, omission, or neglect occurring prior to September 7, 1990...."
Accordingly, I adhere to the reasons expressed in the original opinion and dissent from the majority's action on rehearing.