674 So.2d 283 (1996)
Warren G. ALLEN
v.
P. David CAROLLO.
No. 95 CA 1840.
Court of Appeal of Louisiana, First Circuit.
April 4, 1996.
*285 David B. Bernstein, A.D. Freeman, New Orleans, for Plaintiff-Appellant Warren G. Allen.
Paul B. Deal, Lemle & Kelleher, New Orleans, for Defendant-Appellee P. David Carollo.
Before SHORTESS, PARRO and KUHN, JJ.
PARRO, Judge.
This is a legal malpractice case. The trial court granted defendant's motion for summary judgment based on the plea of prescription and/or peremption and plaintiff appealed. We affirm.

FACTS AND PROCEDURAL HISTORY
Warren G. Allen ("Warren") filed this legal malpractice suit against his former attorney, P. David Carollo. Mr. Carollo prepared an affidavit dated November 1, 1983, which was signed by plaintiff's brother, Robert G. Allen ("Robert").[1] It stated in pertinent part that Robert had "secured" $18,000 from Warren and was giving him a 50% ownership interest in certain immovable property. Robert died in 1988 without having repaid the $18,000 or transferred the 50% ownership interest to Warren. In January 1989, after being told by his nephew that Robert's affidavit was not legally enforceable, Warren retained Mr. Carollo to take whatever steps were necessary to enforce the obligation. Mr. Carollo recorded the affidavit before Robert's succession was opened and on September 28, 1989, filed a proof of claim for Warren in the succession proceeding. The succession representative rejected Warren's claim, so in June 1990, Mr. Carollo filed a lawsuit on his behalf against the heirs of Robert. Robert's heirs contested the validity and enforceability of Warren's claim by filing an exception of prescription in August 1990. As of December 12, 1990, Mr. Carollo's services were terminated and Warren retained new counsel to pursue his claims. Judgment was rendered December 17, 1992, dismissing Warren's suit. The court's written reasons for judgment in the succession suit indicated because the terminology in the 1983 affidavit was unclear, it did not serve as an acknowledgment *286 of the debt sufficient to interrupt the running of prescription.
Warren sued Mr. Carollo for legal malpractice on December 8, 1993, alleging the improper preparation of the 1983 document damaged him. In his answer, Mr. Carollo also raised the plea of prescription of one year and peremption of three years and reiterated this argument in support of his motion for summary judgment.[2] On May 2, 1995, the district court granted Mr. Carollo's motion for summary judgment and dismissed Warren's suit as prescribed or perempted,[3] applying LSA-R.S. 9:5605. This appeal followed.

STANDARD OF REVIEW
Appellate courts review summary judgments de novo under the same criteria as those governing the district court's consideration of whether summary judgment is appropriate. Schroeder v. Bd. of Sup'rs of Louisiana State University, 591 So.2d 342, 345 (La.1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La.1981). A fact is material if it is essential to the plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577, 583 (La.1989). Because the applicable substantive law determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Penton v. Clarkson, 93-0657 (La.App. 1st Cir. 3/11/94), 633 So.2d 918, 922, citing Sun Belt Constructors, Div. of MCC Constructors, Inc. v. T & R Dragline Svce., Inc., 527 So.2d 350, 352 (La.App. 5th Cir. 1988).

ANALYSIS
Warren specifies three areas in which he contends the trial court erred in applying the law: 1) in not applying the ten-year prescriptive period for breach of contract to his claim; 2) in not finding that the prescriptive period was tolled by Mr. Corollo's continuous representation of appellant; and 3) in not finding that LSA-R.S. 9:5605, as applied to these facts, violates the contract clause of the United States and Louisiana Constitutions. Although not set out as a specification of error, Warren also argues that certain material facts affecting his breach of contract claim are in dispute and that therefore summary judgment was inappropriate.

First Specification of Error
The prescriptive period applicable to an action alleging breach of contract is ten years. LSA-C.C. art. 3499 (formerly LSA-C.C. art. 3544). The circumstances under which a breach of contract claim could be asserted against an attorney for legal malpractice were clarified by this court, sitting en banc, in Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La.App. 1st Cir.), writ denied, 431 So.2d 773 (La.1983). The court there stated, "when an attorney expressly warrants a particular result, i.e., guarantees winning a lawsuit, guarantees title to property, guarantees or warrants the ultimate legal effect of his work product, or *287 agrees to perform certain work and does nothing whatsoever, then clearly there would be an action in contract and the ten year prescriptive period of La.Civ.Code art. 3544 would apply." Id. at 999. The court opined, however, such instances would be rare and most legal malpractice claims would continue to be limited by the one-year prescriptive period applicable to delictual actions. LSA-C.C. art. 3492.
Warren bases his breach of contract claim on certain assurances which he claims were made to him by Mr. Carollo regarding the document he prepared in 1983. Warren urges that Mr. Carollo, in making these assurances, guaranteed a specific result as discussed in Cherokee, and therefore the ten-year prescriptive period is applicable to this case. In the alternative, Warren argues these assurances put material facts in dispute and therefore summary judgment should not have been granted. Warren claims Mr. Carollo told him when the affidavit was executed, "You own exactly what it says you own." After Robert's death when his son first questioned the enforceability of the affidavit, Mr. Carollo assured Warren that recordation of the document was all that was needed. Finally in July or August 1990, Mr. Carollo again reassured Warren that he would get Warren his money or the property. These statements by Warren were not directly controverted by any of the evidence presented by Mr. Carollo in support of his motion for summary judgment, although the credibility of these "self-serving" statements was attacked in brief by Mr. Carollo's counsel.
Under the posture of this case as an appeal from a judgment granting a motion for summary judgment, this court must review the entire record in the light most favorable to the party opposing the motion. Jones v. Briley, 593 So.2d 391, 393 (La.App. 1st Cir.1991). If material facts are in dispute, the motion for summary judgment is inappropriate. LSA-C.C.P. art. 966. The party opposing the motion for summary judgment must have his properly filed allegations taken as true and must receive the benefit of the doubt when his assertions conflict with those of the movant. Schroeder, 591 So.2d at 345, citing Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).
Applying these standards and viewed in the light most favorable to him, Warren's statements must be taken as true, in which case they stand as undisputed facts. And for the sake of the motion for summary judgment, this court will accept Warren's contention that these assurances by his counsel guaranteed him a specific result, giving rise to a breach of contract action for legal malpractice, as delineated in Cherokee. Warren urges application of the ten-year prescriptive period to his claim.
But Cherokee is not the last word on the subject. In 1990, the Louisiana legislature enacted a statute to specify the prescriptive and peremptive periods applicable to legal malpractice actions; it amended the statute in 1992 to state it was retroactive and applied to acts of malpractice which pre-dated its enactment. These prescriptive and peremptive periods are found in LSA-R.S. 9:5605, which states in pertinent part:
A. No action for damages against any attorney at law duly admitted to practice in this state, ... whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed ... on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or *288 neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, ... the prescriptive and peremptive period shall be governed exclusively by this Section....
LSA-R.S. 9:5605 as amended in 1992 (emphasis added).
In two recent cases decided since the enactment of LSA-R.S. 9:5605, courts have examined legal malpractice claims for alleged breaches of contract. In B. Swirsky & Co., Inc. v. Bott, 598 So.2d 1281 (La.App. 4th Cir.), writ denied, 605 So.2d 1149 (La.1992), although the court recited the text of LSA-R.S. 9:5605 which limits all actions for damages against any attorney, whether based upon tort or breach of contract or otherwise, its analysis of the case did not require it to decide whether the ten-year prescriptive period for a breach of contract claim survived the enactment of this statute. It found the one-year prescriptive period for tort claims was applicable. Similarly this court in Vaughn v. Slaughter, 94-0552 (La.App. 1st Cir. 3/3/95), 653 So.2d 36, writ denied, 95-0828 (La. 5/5/95), 654 So.2d 339, affirmed the trial court's conclusion that the legal malpractice action was delictual in nature and therefore did not determine how the statute might be applied to a breach of contract claim. In both cases, the courts affirmed factual findings of the trial courts with respect to the delictual nature of the duties undertaken by the attorneys.
In the instant case, the trial court did not specifically address Warren's contention that Mr. Carollo's assurances during the course of his representation would justify a factual finding that a specific result was guaranteed. However, the reasoning of the court implicitly rejected the claim that a litigant still has ten years within which to bring his legal malpractice claim if it is for breach of contract. The trial court noted that LSA-R.S. 9:5605 established a three-year peremptive period beyond which an action could not be brought, that it had been held to be remedial, and was retroactive as to all causes of action, including those based on acts which occurred before the statute was enacted. Dowell v. Hollingsworth, 94-0171 (La.App. 1st Cir. 12/22/94), 649 So.2d 65, 67, writ denied, 95-0573 (La. 4/21/95), 653 So.2d 572; Graham v. Conque, 93-221 (La.App. 3rd Cir. 11/3/93), 626 So.2d 870, 873, writ denied, 93-3169 (La. 2/11/94), 634 So.2d 383. The trial court reasoned that under the statute, three years was the longest possible period after the act of malpractice within which the action could be timely filed. In his only reference to the breach of contract claim, the judge noted simply that, "§ 5605 specifically applies to all actions for legal malpractice whether based on tort or breach of contract." By starting with the premise that three years was the longest possible period within which a lawsuit alleging legal malpractice could be filed, the court implicitly rejected the possibility that a ten-year prescriptive period for breach of contract could still be applied to certain Cherokee-type claims.
Unlike the Vaughn and B. Swirsky situations therefore, the issue before this court is not whether the trial court correctly concluded, based on factual findings, that the attorney's malpractice was delictual in nature, rather than a breach of contract. The issue squarely presented to this court is whether LSA-R.S. 9:5605 has legislatively abrogated the ten-year prescriptive period for breach of contract in legal malpractice claims. We hold that it has. The language of the statute is unusually clear. "No action for damages,... whether based upon tort, or breach of contract, ... shall be brought unless filed... within one year from the date of the alleged act...." LSA-R.S. 9:5605(A) (emphasis added). Recognizing some problems are not discovered immediately, the statute allows additional time to bring a claim to court within one year from the date of discovery of the malpractice, but even with regard to those claims, "in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, *289 or neglect." LSA-R.S. 9:5605(A) (emphasis added). To alleviate any lingering doubts about this matter, the legislature specified these periods "are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended." LSA-R.S. 9:5605(B). Then to preclude a plaintiff's reliance on other statutes or jurisprudence to expand the time period within which to assert a legal malpractice claim, the legislature stated, "Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law ..., the prescriptive and peremptive period shall be governed exclusively by this Section." LSA-R.S. 9:5605(C) (emphasis added). Finally, the legislature excluded fraud claims from the peremptive period, demonstrating that only statutorily created exceptions should be recognized. See LSA-R.S. 9:5605(E).
The basic rule governing statutory interpretation is stated in Louisiana Civil Code article 9: "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." Moore v. Gencorp., Inc., 93-0814 (La. 3/22/94), 633 So.2d 1268, 1270; Tex/Con Oil & Gas Co. v. Batchelor, 634 So.2d 902, 908 (La.App. 1st Cir.1993), writ denied, 94-0270 (La. 3/18/94), 635 So.2d 1102. The statute allows no other interpretation but that the longest period after the act constituting malpractice within which an action for legal malpractice may be filed is three years, regardless of whether the action is styled as one for breach of contract or as a tort claim.
Our ruling in this case is consistent with the result in Bell v. Ott, 94-824 (La.App. 5th Cir. 2/13/96), 671 So.2d 941 (on rehearing). The court in Bell recognized that any contract/tort distinction between the prescriptive and peremptive periods applicable to legal malpractice claims had been abrogated by the statute, stating, "We further note La.R.S. 9:5605 is controlling in any malpractice claim with no distinction whatsoever between a claim that lies in contract and one that lies in tort." Id. at 3, 671 So.2d at 943.

Second Specification of Error
Warren argues the trial court erred in failing to find the peremptive period was "tolled" by Mr. Carollo's continuous representation of him. Under the "continuous representation" rule, prescription does not run on a tort claim when an attorney, by continuing to represent the client in the matter, induces his client to delay filing of a malpractice suit or prevents him from bringing suit. Vaughn, 653 So.2d at 40; Succession of Smith v. Kavanaugh, Pierson and Talley, 565 So.2d 990, 995 (La.App. 1st Cir.), writ denied, 567 So.2d 1125, reconsideration denied, 569 So.2d 950 (La.1990). Even after the representation is formally terminated, if the attorney continues to offer advice or service concerning the act giving rise to a malpractice claim, which advice is relied upon by his former client, the prescriptive period may be suspended. Lima v. Schmidt, 595 So.2d 624, 630 (La.1992). However, Warren's argument is without merit. Even if the continuous representation rule suspended the time for filing a tort action, the undisputed fact is by December 12, 1990, Mr. Carollo's representation had ceased. On that day Mr. Carollo wrote two letters acknowledging his services had been terminated and forwarded Warren's file to another attorney. Mr. Carollo had no further contact with Warren in an advisory capacity. Accordingly, any tort claims Warren may have had against his former attorney prescribed December 12, 1991. Furthermore, even assuming the continuous representation rule applied to a breach of contract claim, such a claim was perempted September 7, 1993, when the statutory grace period expired.

Third Specification of Error
The third numbered paragraph of Warren's petition for appeal stated the constitutionality of a state statute, LSA-R.S. 9:5605, would be an issue on appeal.[4] The *290 prerequisites for raising the issue of the unconstitutionality of a statute are set out in Vallo v. Gayle Oil Co., Inc., 94-1238 (La. 11/30/94), 646 So.2d 859. The Louisiana Supreme Court there stated the constitutionality of a statute must first be questioned in the trial court, the issue must be specifically pled to be considered by the trial court, and the attorney general must be served with a copy of the pleading in which the constitutionality of a state statute is contested. As the Vallo case explained,
the long-standing jurisprudential rule of law is: a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized.
The pleadings allowed in civil actions are petitions, exceptions, written motions and answers. Therefore, when the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original petition, an amended and supplemental petition or a petition in an incidental demand), an exception, a motion or an answer. It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings.
Id. at 864-65 (citations and footnotes omitted). In the Vallo case, the plea of unconstitutionality was raised in the trial court in a memorandum and not in a pleading. The trial court had held the statute was unconstitutional, but because the issue was not properly raised in pleadings, its decision was vacated and the case remanded for additional proceedings.
In the instant case, Warren first raised the constitutionality of the retroactive application of the statute in a supplemental memorandum in opposition to the motion for summary judgment. The trial court, citing Marcel v. Louisiana State Dept. of Public Health, 492 So.2d 103 (La.App. 1st Cir.), writ denied, 494 So.2d 334 (La.1986) and Lott v. Haley, 370 So.2d 521 (La.1979), reasoned that the statute provided a reasonable three-year grace period after its enactment within which pre-existing causes of action could be brought, and declined to find the statute unconstitutional on due process grounds.
In his third specification of error to this court, Warren now argues that, as applied to the facts of his case, LSA-R.S. 9:5605 operates to substantially impair the contractual relationship between the parties in violation of the contract clause of the U.S. and Louisiana Constitutions. This contract clause issue was first raised in Warren's brief to this court.
Applying the Vallo principles to the instant case, we find the issue of whether LSA-R.S. 9:5605 is unconstitutional on any basis is not properly before this court, nor was it properly presented to the trial court. The constitutional due process issue was argued in the trial court. However, the issue was not specifically pled; it was brought before the court as an argument in Warren's supplemental memorandum opposing the motion for summary judgment.[5] The record contains no evidence relevant to either the due process or contract clause arguments. Because the issue was not properly raised in the trial court and is not in a proper posture for consideration by this court, we will not address whether LSA-R.S. 9:5605 is unconstitutional on its face or as applied to these facts.

CONCLUSION
For the reasons set forth above, we affirm the judgment of the trial court granting Mr. Carollo's motion for summary judgment. Costs of this appeal are assessed to appellant, Warren G. Allen.
AFFIRMED.
SHORTESS, J., concurs with reasons.
KUHN, J., concurs with reasons.
SHORTESS, Judge, concurring.
Were it not for the analogy between the legal and medical malpractice prescription/ *291 /peremption statutes, I believe a material issue of fact would exist which would defeat the grant of summary judgment. Appellant's affidavit in opposition to the motion for summary judgment avers that defendant, in response to appellant's concerns, told him in July or August 1990, "The affidavit is valid and I will either get you back your money or the property." That assurance allayed appellant's doubts over the sufficiency of the affidavit.
On December 17, 1992, when the trial court ruled the affidavit was too ambiguous to be an acknowledgment, appellant could no longer rest on defendant's assurances. He filed suit on December 8, 1993. If Revised Statute 9:5605 were an ordinary prescriptive statute, this would have been a case for the use of the equitable doctrine of contra non valentum.
Unfortunately for appellant, Revised Statute 9:5605 tracks the language of the medical malpractice prescription/peremption statute, Revised Statute 9:5628. In Crier v. Whitecloud, 496 So.2d 305, 308 (La.1986), a rod implanted in Mrs. Crier's back broke more than three years after the date of surgery. The supreme court found contra non valentem was expressly made inapplicable and the three-year peremptive provision controlled, notwithstanding Mrs. Crier's inability to know of the malpractice within the peremptive period. In this case, the preparation of the affidavit on November 1, 1983, was comparable to the surgery in Crier. Therefore, appellant's cause of action is perempted under the provisions of Revised Statute 9:5605.
I respectfully concur.
KUHN, Judge, concurring.
I concur in the opinion because it broadly holds La.R.S. 9:5605 has legislatively abrogated the ten-year prescriptive period for breach of contract in legal malpractice claims. Based on the facts presently before this court, I agree the action is prescribed. However, the same result may not be reached in a legal malpractice suit which was filed before La.R.S. 9:5605 was enacted, and alleges a cause of action in breach of contract with the act, omission, or neglect having occurred more than three years prior to the time suit was filed. It is not entirely clear the "saving clause" or "grace period" provided by La.R.S. 9:5605, as amended in 1992, would preclude the preemption of the claim mandated by this statute. However, the statute cannot be applied retroactively to deprive contractual rights which were vested prior to the enactment of the statute. La. Const. art. I, Sec. 23; Lott v. Haley, 370 So.2d 521 (La.1979).
I respectfully concur.
NOTES
[1] Although the affidavit was dated November 1, 1983, Warren contends he and Robert returned to Mr. Carollo in early 1984 and revised the document. Under the substantive law applicable to these facts, it is immaterial whether the attorney performed additional services in early 1984.
[2] Mr. Carollo's motion for summary judgment initially included the separate ground that Robert, and not Warren, was the client when the affidavit for Robert G. Allen was prepared and signed in 1983. Because this was a disputed fact, for the sake of the motion for summary judgment Mr. Carollo pretermitted this contention and assumed that Warren was also his client in 1983.
[3] In addition to raising the prescription/peremption issues in his answer and motion for summary judgment, Mr. Carollo filed an exception of prescription and peremption in this court, pursuant to LSA-C.C.P. art. 2163. Plaintiff/appellant did not demand remand and the issues formed the basis of the trial court's ruling; therefore this court has discretion to address the prescription and peremption issues. Settoon Marine v. Great Lakes Dredge and Dock, 95-0046 (La.App. 4th Cir. 6/7/95), 657 So.2d 537; Guitreau v. Juneau, 479 So.2d 431 (La.App. 1st Cir.1985).
[4] Warren's petition for appeal also requested notification of the attorney general by certified mail. The record reflects the attorney general was served with this pleading by certified mail on July 3, 1995.
[5] We note also that although a due process issue was briefed and considered in the trial court, the contract clause issue was not raised in that forum.