802 So.2d 755 (2001)
Karen Neff SANCHES
v.
Frank L. MORRIS, Coregis Insurance Company and the Home Insurance Company.
No. 01-CA-398.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 2001.
*756 Daniel A. Rees, Rees & Rees, Attorneys at Law, L.L.C., Breaux Bridge, LA, Counsel for The Home Insurance Company, Defendant/Appellant.
Kurt D. Engelhardt, Michael P. Mentz, Alayne R. Corcoran, Hailey, McNamara, Hall, Larmann & Papale, L.L.P., Metairie, LA, Counsel for Coregis Insurance Company, Defendant/Second-Appellant.
Robert Angelle, Metairie, LA, and Michael G. Gaffney, New Orleans, LA, Counsel for Karen Neff Sanches, Plaintiff-Appellee/3rd Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR, SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
These consolidated appeals arise out of three separate judgments of the trial court rendered in this legal malpractice proceeding. The primary question before this Court involves the applicability of insurance coverage based on two policies of professional liability insurance issued to the insured. For the reasons stated more fully herein, we vacate in part, affirm in part and remand the case to the trial court for further proceedings.

Facts and Procedural History
Frank L. Morris, an attorney, prepared a statutory will on behalf of Mary Jean Frank Neff which was executed on March 8, 1994. Mrs. Neff died two days later, on March 10, 1994. Thereafter, a dispute arose between Mrs. Neff's two daughters, Karen Neff Sanches and Katherine Neff Brand, regarding their inheritance rights pursuant to the will. On August 17, 1994, Katherine Neff Brand filed a Petition for Reduction of Excessive Donations, or Collation *757 and a Petition for Declaratory Judgment of Nullity of Purported Sale naming as defendant, her sister and co-legatee, Karen Neff Sanches.
In connection with this dispute over the terms of the will, counsel for Mrs. Brand noticed the deposition of Frank Morris. In this deposition which was held on October 20, 1994, Mr. Morris noted a typographical error in the will, but stated that the error did not affect the intentions of the decedent. He stated that it was the decedent's intent to bequeath her entire estate to her daughter Karen Sanches, subject only to the forced portion of her daughter Katherine Brand. Mr. Morris' interpretation of the will was subsequently upheld by the appellate court in Succession of Neff 98-0123 (La.App. 4 Cir. 6/24/98), 716 So.2d 410, writ denied, 98-2002 (La.10/30/98), 728 So.2d 386. The trial court also dismissed Mrs. Brand's claims against her sister, and the judgment was affirmed on appeal in an unpublished opinion. See, In re Succession of Neff, 97-0680 (La.App. 4 Cir. 10/22/97), 701 So.2d 271, writ denied, 98-0391 (La.4/24/98), 717 So.2d 1167.
On March 7, 1995, Karen Sanches filed the instant lawsuit against Mr. Morris for negligence in the drafting of her mother's will.[1] She alleged in this petition that Mr. Morris was liable for any loss she suffered as a result of the challenge to the will by her sister. She also sought attorney's fees, court costs and other costs of litigation incurred in defending the will. However, this petition was not served on Mr. Morris, and Mr. Morris subsequently died on August 23, 1996 without receiving service of the petition. On March 6, 1998, Mrs. Sanches filed a Supplemental and Amending Petition to name as defendants the Succession of Frank L. Morris as well as decedent's legatees, and service of process was issued at this time.
On April 22, 1999, Karen Sanches filed a Second Supplemental and Amending Petition naming Coregis Insurance Company as defendant in this suit on the basis that Coregis had issued a policy of professional malpractice insurance to Frank Morris. Plaintiff alleged in this amended petition that the will was improperly prepared by Mr. Morris and contained an ambiguity. Plaintiff further asserted for the first time in this petition that Mr. Morris had failed to advise the decedent as to her option to waive collation, thereby causing plaintiff to incur damages in the form of a demand against her for collation.
Coregis responded to plaintiff's petition by filing a motion for summary judgment as to all claims asserted by plaintiff. By judgment dated March 13, 2000, the trial court granted the motion for summary judgment with regard to Mr. Morris' liability for the typographical error in the will. However, with regard to plaintiff's allegations that Mr. Morris failed to advise the decedent of the advisability of waiving collation, the motion for summary judgment was denied. Thereafter, Coregis filed a peremptory exception of prescription arguing that plaintiff's remaining claims were barred as they were not raised within the prescriptive period set forth by law. By judgment dated October 10, 2000, this exception was dismissed.
On October 29, 1999, plaintiff filed a third supplemental and amending petition *758 based on the same facts naming as defendant The Home Insurance Company (hereinafter "The Home"), which had also issued a policy of professional liability insurance to Frank Morris. This petition incorporated all the allegations of the original and first supplemental and amending petitions.
On August 31, 2000, plaintiff filed a motion for summary judgment against The Home Insurance Company arguing that The Home policy was in effect at the time of Mr. Morris' alleged negligence and that Mr. Morris was aware of the attack on the will by Katherine Brand during the policy period. By judgment dated December 6, 2000, the trial court granted summary judgment in favor of plaintiff and against The Home Insurance Company on the issue of coverage, declaring that the Home Insurance Company provided coverage in favor of plaintiff under the professional liability policy issued to Morris.
The trial court certified each of the three judgments as final and stated that there was no just reason to delay the appeals of these judgments. Coregis now appeals from the March 13, 2000 judgment denying in part its motion for summary judgment as to the collation issue. Coregis also appeals from the October 10, 2000 judgment denying its exception of prescription. Further, plaintiff appeals from the judgment of March 13, 2000 granting in part Coregis' motion for summary judgment on the issue of coverage. Finally, The Home Insurance Company appeals from the judgment of December 6, 2000 granting plaintiff's motion for summary judgment on the issue of coverage.

Law and Discussion
Both of the insurance policies at issue in the present case are "claims made" policies. A "claims made" insurance policy is one in which coverage attaches only if the negligent harm is discovered and reported within the policy period. Case v. La. Medical Mutual Ins. Co., 624 So.2d 1285 (La.App. 3 Cir.1993). In contrast, an "occurrence policy" merely requires the commission of the negligent act during the policy's effective period regardless of the date of discovery and reporting. Id.
It is now well-settled that the limitations provided in "claims made" insurance policies are not impermissible per se or contra bonos mores. In the absence of conflict with statute or public policy, insurers may by unambiguous and clearly noticeable provisions limit their liability and impose such reasonable conditions as they wish upon the obligations they assume by their contract. Livingston Parish School Board v. Fireman's Fund American Ins. Co., et al., 282 So.2d 478, 481, (La.1973); Louisiana Insurance Guaranty Association v. Interstate Fire & Casualty Co., 93-0911 (La.1/14/94), 630 So.2d 759. See also, Lloyd v. Ichinose, 98-2157 (La.9/8/99), 760 So.2d 302, 306, wherein the Supreme Court upheld the unambiguous terms of the policy which excluded coverage based on the fact that the insured was not notified of the claim and neither knew nor should have known of the claim during the applicable policy period.
Appellate courts review the granting of a summary judgment de novo, using the same criteria governing the trial court's consideration of whether summary judgment is appropriate KLL Consultants, Inc. v. Aetna Cas. & Sur. Co. of Illinois, 99-14 (La.App. 5 Cir. 6/1/99), 738 So.2d 691, 694. La. C.C.P. art. 966 provides that a summary judgment shall be rendered forth with if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to *759 judgment as a matter of law. Under a 1997 amendment, the summary judgment is favored, but the burden of proof remains with the movant. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991).
In light of this well-established standard, we must now review the record in this case to determine whether, as a matter of law, coverage is provided under these two policies.

The Coregis PolicyThe Judgment of March 13, 2000
Coregis Insurance Company issued a professional liability policy to "F.L. Morris & Associates" with a policy period from October 1, 1995 to October 1, 1996. On the Declarations sheet, the policy states as follows:
Notice: This is a claims-made and reported policy, except as may be otherwise provided herein, this coverage is limited to liability for only those claims which are first made against the named insured and reported to the company while the policy is in force.
Under the exclusions section of the policy, the policy provides:
This policy does not apply to:
B. any CLAIM arising out of any act, error, omission or PERSONAL INJURY occurring prior to the effective date of this policy if any INSURED at the effective date knew or could have reasonably foreseen that such act, error, omission or PERSONAL INJURY might be expected to be the basis of a CLAIM;
The policy also contained an Extended Reporting Period Endorsement which provided in part as follows:
Subject to the terms and conditions of this policy, coverage shall apply to CLAIMS arising out of any act, error, omission or PERSONAL INJURY, which took place prior to the end of the POLICY PERIOD and on or after the RETROACTIVE DATE, if any, and are reported to the Company during the following Extended Reporting Period:
FROM: 10/1/96 TO: Unlimited
* * *
All other terms and conditions of the policy remain unchanged.
The retroactive date of the policy as referred to in the endorsement is listed on the declarations sheet as October 1, 1986.
Although plaintiff argues on appeal that the endorsement to the policy overrides the provisions of the above-cited exclusionary clause, we find no merit in this argument. The endorsement specifically stated that all other terms and conditions of the policy remain unchanged, and the exclusion remains as a part of the policy provisions.
The issue first presented for our review is whether the trial court erred in finding the exclusion applicable under the facts of this case.
In support of its motion for summary judgment, Coregis attached a copy of the policy, a copy of Mr. Morris' deposition and the insurance application form completed by Mr. Morris on June 23, 1995. Coregis argues that these documents support a determination that plaintiffs claims are excluded from coverage.
In the deposition, Mr. Morris stated he was aware of the typographical error in the will, but he also stated that Mrs. Neff assented to the terms of the will and that she understood the will to express her intent in bequeathing her property. Mr. Morris did not state in the deposition that the error caused the will to be invalid or that he expected a claim to be filed against him with regard to the error, and in fact *760 Mr. Morris' stated interpretation of the will was upheld by the courts in reviewing the challenge to the will. See, Succession of Neff, 98-0123 (La.App. 4 Cir. 6/24/98), 716 So.2d 410, writ denied, 98-2002 (La.10/30/98), 728 So.2d 386.
The deposition was taken in a proceeding to reduce excessive donations and to nullify an act of sale executed prior to Mrs. Neff's death. At this time, there had been no direct challenge to the will, nor did plaintiff submit evidence that Mr. Morris should have foreseen a malpractice claim against him at this time. Under these circumstances, we find that the statements made in the deposition fail to prove as a matter of law that Mr. Morris was aware that this error in the will might be expected to be the basis of a malpractice claim against him.
On the application form submitted on June 23, 1995 to Coregis for renewal of insurance, Mr. Morris failed to indicate that a claim had been filed or might be expected to be filed by Ms. Sanches based on the alleged error in preparation of the will. Coregis argued that this evidence proves that Mr. Morris failed to disclose his knowledge of the claim to the insurer, and coverage is therefore excluded on this basis.
However, at the time this application was submitted by Mr. Morris, Mr. Morris had not yet been served with a copy of plaintiffs petition. Further, the prescriptive period for filing a suit based on negligence in preparing the will had expired. The will was executed in March of 1994, over one year before Mr. Morris complete this application. Thus, as there was no service of the petition, there is nothing which would put a reasonable person on notice that a claim had been filed or might be filed in this matter so as to trigger the exclusionary clause of the policy. In fact, under the circumstances of this case, Mr. Morris would have been reasonable in assuming that no claim had arisen from the preparation of Mrs. Neff's will and the information he provided on the application form confirms this assumption.
We have carefully reviewed the record in this case, and we find that the record fails to conclusively show that prior to effective date of the Coregis policy, the insured was aware or should have been aware that a claim was or would be filed against him. There are no allegations and no evidence as to any type of fraudulent concealment of the claim by Mr. Morris. As the mover in the summary judgment, the burden was on Coregis to show an absence of factual support for plaintiffs claims, and Coregis failed to prove that Mr. Morris knew or should have known of the claim filed against him. Thus, we conclude that the exclusion contained in the subject policy is not applicable in this case, and the trial court erred in concluding otherwise.
Having reached this determination, we turn next to the question of whether the Coregis policy provided coverage under the facts of this case as a matter of law. The claim against Coregis was based on an error of Mr. Morris in preparation of the will which was executed on March 7, 1994. The first recorded notice of plaintiff's claims to Coregis occurred on April 22, 1999 when plaintiff filed her supplemental and amending petition. Thus, under these facts, the claim was neither made nor reported during the effective dates of the policy, October 1, 1995 to October 1, 1996.
However, the Coregis policy issued to Mr. Morris contained an extended reporting period endorsement which provides that coverage shall apply to errors that 1) took place prior to the end of the policy period (October 1, 1996) yet after the retroactive *761 date (October 1, 1986), and 2) were reported to the insurer during the extended reporting period of October 1, 1996 until an unlimited time in the future. The error alleged in this case appears to meet both of these requirements as it took place in March of 1994 and was reported to the insurer in April of 1999. Under these circumstances, we conclude that the trial court erred in granting summary judgment in favor of Coregis on the issue of coverage.
We turn next to the second claim raised by plaintiff against Coregis with regard to Mr. Morris' failure to advise the decedent to waive collation. The trial court denied Coregis' motion for summary judgment as to this issue on the basis that there was no evidence presented that Mr. Morris was aware of this claim prior to the effective date of the Coregis policy. Plaintiff appealed from this ruling, and Coregis contends that Mr. Morris knew or should have known that a claim would be brought against him based on the will. Based on our holding herein with regard to Coregis' failure to prove Mr. Morris' knowledge of a claim, we conclude that the trial court was correct in denying summary judgment as the record fails to prove as a matter of law that coverage is excluded by the Coregis policy.

The Judgment of October 10, 2000
Coregis also appeals from the judgment of the trial court dismissing its exception of prescription of the claim made against its insured by the filing of the supplemental and amending petition on April 22, 1999. Coregis contends that the assertion of this claim is barred by the peremptive period contained in La. R.S. 9:5605, which provides that all actions for damages for malpractice against an attorney shall be brought within three years from the act or omission or neglect
Plaintiff opposed the exception of prescription on the basis that La. R.S. 9:5605 is not applicable because there never existed an attorney/client relationship between herself and Mr. Morris so as to trigger the application of this statute. Plaintiff also argues that as a third-party beneficiary of the contract between her mother and Mr. Morris, her claim is based in contract and subject to a prescriptive period of ten years, citing Succession of Killingsworth, 270 So.2d 196 (La.App. 1 Cir.1972), writ granted, 273 So.2d 292 (La. 1973), reversed in part, affirmed in part, 292 So.2d 536 (La.1973). However, plaintiff's reliance on the holding in Killingsworth, which was rendered prior to the enactment of La. R.S. 9:5605, is misplaced.
Enacted in 1990 and amended in 1992, La. R.S. 9:5605 now governs prescription of legal malpractice claims and is controlling in all malpractice claims without distinction between a claim that lies in contract and one that lies in tort. La. R.S. 9:5605(A); Bell v. Ott, 94-824 (La.App. 5 Cir. 2/13/96), 671 So.2d 941, 943, writ denied, 96-0637 (La.5/3/96), 672 So.2d 696. Although plaintiff is a third-party beneficiary in this case, her claim against Mr. Morris was nevertheless based on legal malpractice in his preparation of the will. Thus, we hold that the provisions of La. R.S. 9:5605 are applicable to this legal malpractice action.
Coregis contends that the provisions of La. R.S. 9:5605 are both prescriptive as well as peremptive, and that this statute completely extinguishes a cause of action for legal malpractice three years from the date of the alleged act, omission or neglect, citing Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291. Coregis argues that nothing interferes with the running of this absolute peremptive period. While the holding in Reeder clearly states that La. R.S. 9:5605 provides a three-year *762 absolute limit on legal malpractice claims, that decision does not address the present situation where the petition amends and supplements the original timely filed petition.
In denying the exception of prescription, the trial judge determined that the amending and supplemental petition related back to the filing of the original petition as both claims arose out of the same conduct, transaction or occurrence as set forth in the original pleading pursuant to La. C.C.P. art. 1153. Where there is some factual connexity between the original and amended assertions, together with an identity of interest between the original and the supplemental petitions, the amendment should be allowed. Gunter v. Plauche, 439 So.2d 437 (La.1983).
In the present case, the allegations of the original and supplemental petitions arose out of the same conduct, transaction or occurrence, i.e., the preparation of a will. Further, the parties in both petitions are the same. We therefore conclude that the amending petition arose out of the same legal transaction as the original petition so as to relate back to the date of filing of the original petition. As there is no dispute that the original petition was timely filed, the supplemental petition which relates back to the original petition and is also considered timely filed. Accordingly, we find no error in the trial court's denial of Coregis' exception of prescription.

The Home Insurance Company Policy Judgment of December 6, 2000
We turn next to the appeal from the trial court's judgment rendered against The Home Insurance Company. The Home Insurance Company issued a professional liability policy to Francis L. Morris which contained the following provision on coverage:
To pay on behalf of the Insured all sums in excess of the deductible amount stated in the Declarations which the Insured shall become legally obligated to pay as damages as a result of CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PRIOD AND REPORTED TO THE COMPANY DURING THE POLICY PERIOD caused by any act, error or omission for which the Insured is legally responsible, and arising out of the rendering or failure to render professional services for others in the Insured's capacity as a lawyer or notary public.
The effective dates for the policy period first issued by The Home was October 1, 1993-October 1, 1994. The policy was renewed for the policy period of October 1, 1994-October 1, 1995. The term "claim" is defined in the policy as follows:
Claim, whenever used in this policy, means a demand received by the Insured for money or services, including the service of suit or institution of arbitration proceedings against the Insured.
The record in this case shows that a lawsuit was filed by plaintiff against the insured, Frank Morris, on March 7, 1995, which was within the effective policy period of The Home policy. However, there is no dispute in this case that service was not requested at this time and in fact no service was made on Frank Morris prior to his death on August 23, 1996. The question then becomes whether a "claim" was made against the insured pursuant to the provisions of the policy.
In granting summary judgment in favor of plaintiff, the trial court found that Frank Morris' admitted knowledge of the error in the will during the policy period conferred coverage under The Home policy as a matter of law. We do not agree.
The unambiguous terms of the policy require that the insured receive a claim in *763 the form of a demand for money or services within the policy period. Additionally, the claim must be reported to the insurer during the policy period. Our review of the record fails to indicate that either of these requirements were met in this case.
Although the record supports a finding that Mr. Morris knew of Mrs. Brand's attack on the will during the policy period, the issue of whether Mr. Morris knew that a malpractice claim was filed against him during the policy period is unresolved. The Home policy contained a discovery clause which would have allowed Mr. Morris to invoke the protection of the policy by notifying the insurer that he had knowledge that a claim might be filed against him; however, no such notice was provided by Mr. Morris.
The record is clear however that Mr. Morris did not receive service of the petition filed against him in 1995. In fact, during the policy period, Mr. Morris submitted two insurance applications for renewal of the policy wherein he denied knowledge of the existence of a claim or that a potential claim might be filed against him in connection with Mrs. Brand's attack on the will. Although Mr. Morris admitted by letter in June of 1994 and in deposition in October of 1994 that he was aware of the typographical error in the will, he also stated therein that the error did not change the intent of the will, and this evidence is insufficient to prove that Mr. Morris was aware that a claim had been filed against him within the terms of the policy.
Moreover, the record is devoid of evidence that the claim was reported to the insurer within the policy period as required by the terms of the policy. In opposition to plaintiff's motion for summary judgment, The Home submitted a copy of a letter sent by plaintiff's counsel to Gilsbar, Inc., the administrator for professional liability programs endorsed by the Louisiana State Bar Association. Although the letter dated August 6, 1997 indicates that service of the amending petition had previously been served on Mr. Morris' widow, the record shows that the amending petition was not filed until March 6, 1998, following the expiration of The Home Policy. Further, The Home submitted the affidavit of the underwriting administrator for Gilsbar who confirmed that the first notice received of a claim against Mr. Morris was the letter dated August 6, 1997. The Home also submitted the affidavit of its claims manager who stated that the first reported notice of the lawsuit against Mr. Morris was on April 15, 1998. Both affiants stated that there was no receipt of any earlier notice of either the claim that was actually made or of the potential that a claim might be made against the insured.
In Ward v. Vizzini, 94-638 (La.App. 5 Cir. 5/14/97), 695 So.2d 1012, 1017, this Court upheld a finding barring coverage where no notice was given to the insurer during the policy period. In Ward, we stated that even if the insured had notice of a claim, coverage is not perfected until notice is given to the insurer, which never occurred.
Although plaintiff cites to the case of Williams v. Lemaire, 94-1465 (La.App. 4 Cir. 5/16/95), 655 So.2d 765, cert. denied, 95-1514 (La.9/22/95), 660 So.2d 481, we find that the facts of that case are distinguishable from the instant situation. In Williams, the court found the existence of a factual question as to whether notice of a claim was provided to the insured's agent within the policy period, and summary judgment in favor of the insurer was therefore reversed. In the present case, Mr. Morris did not receive service of the claim within the policy period. Further, the record fails to conclusively prove that *764 Mr. Morris knew or should have known of the claim within the policy period, and the insurer was not notified of the claim within the policy period.
In the present case, we find that plaintiff failed to meet her burden of proof on summary judgment sufficient to show that a claim was made and reported to the insurer during the policy period. Under these circumstances, we conclude that the trial court erred in finding as a matter of law that The Home policy provided coverage to plaintiff. In reaching this conclusion, we follow the holding of our recent decision in Ward v. Vizzini, supra, and the holding of the Supreme Court in Lloyd v. Ichinose, supra, 760 So.2d 302. The summary judgment entered on December 6, 2000 in favor of plaintiff and against The Home Insurance Company is therefore vacated.
Based on our holding herein vacating two summary judgments rendered by the trial court, it is necessary to remand the case for further proceedings. The current posture of the case prevents this court from making a determination as to the applicable coverage. We note that the basis of this litigation is a legal malpractice claim against an attorney who is now deceased and cannot now be called as a witness in these proceedings. The record indicates that the corollary proceedings between plaintiff and her sister have been resolved by final judgments in favor of upholding the terms of the will prepared by Mr. Morris. On remand, the trial court must resolve whether plaintiff's malpractice claim survives the resolution of the corollary proceedings, and if so, the court must render a determination as to insurance coverage for any viable claims in light of our holding herein regarding the two claims-made policies at issue.

Conclusion
Accordingly, for the reasons assigned herein:
1) The judgment of March 13, 2000 granting summary judgment in favor of Coregis Insurance Company and against plaintiff Karen Sanches is vacated; the judgment of March 13, 2000 which denies summary judgment in favor of Coregis Insurance Company is affirmed.
2) The judgment of October 10, 2000 dismissing the exception of prescription brought by Coregis Insurance Company is affirmed;
3) The judgment of December 6, 2000 granting summary judgment in favor of plaintiff, Karen Sanches and against The Home Insurance Company is hereby vacated.
4) The case is remanded to the trial court for further proceedings consistent with this opinion.
5) Each party is to bear its respective costs of these appeals.
AFFIRMED IN PART; VACATED IN PART CASE REMANDED.
NOTES
[1] Although there is no attorney-client relationship in this case between plaintiff and defendant, the law is settled that legatees may recover from an attorney who has confected an invalid will both based upon negligence principles of La. C.C. art. 2315 and as contract beneficiaries under a stipulation Pour autrui. Succession of Killingsworth, 270 So.2d 196 (La.App. 1 Cir.1972), writ granted, 273 So.2d 292 (La.1973), reversed in part, affirmed in part, 292 So.2d 536 (La.1973).