GUIDRY, J.
 

 |2A succession representative appeals a judgment denying the succession’s claim to a certain parcel of land based on the representative’s attempt to exercise a right of first refusal granted to the decedent. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 According to the petition, an act of cash sale was executed on November 25, 1977, wherein Gladys M. Burns and Patrie W. Burns sold a 30-acre tract of land in Livingston Parish to Mervyn Burns and Tasia Stavros Burns, but reserved a right of first refusal to repurchase the property from Mervyn and Tasia, under the same terms and conditions by which the property was conveyed, in the event Mervyn and Tasia wished to sell the property. On June 28, 1995, Tasia, who had inherited Mervyn’s interest in the property upon his death, agreed to sell the property to Gerald Louis Burns and Melba Donaldson Burns for
 
 *253
 
 $15,000, pursuant to a bond for deed contract.
 
 [1]
 

 On October 25, 2007, Alma Burns, as executrix of the Succession of Gladys M. Burns, filed a “Petition to Enforce Right of First Refusal,” seeking to have the bond for deed contract rescinded and seeking recognition of her right, as succession representative, to repurchase the property on behalf of the succession. Gerald and Melba, who were named as defendants in the petition, peremptorily excepted to the petition on the grounds of prescription, no cause of action, and no right of action. Following a hearing, the trial court rendered judgment sustaining the exception in part as to the objections of prescription and no cause of action, but denied the exception in part as to the objection of no right of action, and dismissed the proceedings without prejudice. Following judgment, the trial court granted | sAlma, in her capacity as executrix, a devolutive appeal.
 

 DISCUSSION
 

 By this appeal, Alma contends that the trial court erroneously sustained the peremptory exception on the grounds of prescription and no cause of action. The petition in this matter is premised on Alma’s claim that the decedent had reserved a right of first refusal to reclaim certain property sold to Tasia and her deceased spouse, Mervyn. The exact language regarding the right of first refusal, as recited in the 1977 contract wherein the property at issue was conveyed to Tasia and Mer-vyn, is as follows:
 

 During the next thirty years from the date of this conveyance, the Vendor reserves one-half of the timber rights in and to the described property.and this conveyance is made on the condition that the above described property cannot be sold, mortgaged, leased, rented or used by anyone other than the Vendee without the prior consent of the Vendor and in the event [the] Vendee desires to sell the above described property, Vendor shall have the first right to purchase said property for the amount of the consideration being paid herewith.
 

 Alma filed a petition seeking to enforce the right of refusal provided in the 1977 contract, contending that Tasia breached the foregoing contractual provision when she executed the bond for deed granting Gerald and Melba the conditional right to purchase the property.
 

 The tidal court found that Alma’s claim was prescribed, applying La. C.C. art. 2568, and it further found that Alma had no cause of action as a consequence of having found that the claim was prescribed. We agree with Alma’s assertion that the trial court erred in retroactively applying La. C.C. art. 2568 to this matter.
 

 First, we observe that La. C.C. art. 2568 refers to the time limitation for exercising a right of redemption, whereas the more specific provision governing the right of first refusal is found in La. C.C. art. 2628, which article is entitled “Time limitation for option and right of first refusal.” Notably, both codal provisions were enacted pursuant 1993 La. Acts, No. 841, § 1, and made effective |4January 1, 1995.
 
 [2]
 
 Because the codal articles produced the substantive change of placing a time limitation
 
 *254
 
 (prescriptive period) on the exercise of rights, the provisions of the articles are not subject to retroactive application.
 
 See Gorum v. Optimist Club of Glenmora,
 
 99-1963, pp. 5-6 (La.App. 3d Cir.8/30/00), 771 So.2d 690, 694,
 
 writ denied,
 
 00-2740 (La.11/27/00), 775 So.2d 451.
 

 Nevertheless, we find that the objections of prescription and no cause of action raised in Gerald and Melba’s peremptory exception were properly sustained in this case. The right of first refusal granted in the 1977 contract did not provide for an express or definite term; rather, the term stipulated for the exercise of the rights granted under the contract was whenever it became necessary to prevent the title from passing to someone else.
 
 See Crawford v. Deshotels,
 
 359 So.2d 118, 122 (La.1978). The express language of the contract provides that “in the event Vendee
 
 desires
 
 to sell the above described property, Vendor shall have the first right to purchase said property for the amount of the consideration being paid herewith.” (Emphasis added.)
 

 According to the petition in this matter, on June 28, 1995, Tasia entered into a bond for deed contract with Gerald and Melba, which contract was recorded.
 
 [3]
 
 Although the bond for deed contract did not result in the immediate transfer of ownership or title, it nevertheless was sufficient to indicate a “desire” by Tasia to sell the property, as a bond for deed contract is defined as “a contract to sell real property, in which the purchase price is to be paid by the buyer to the seller in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer.” La. R.S. 9:2941. At the time the bond for deed contract |5was executed, both Patrie and Gladys were living,
 
 [4]
 
 and pursuant to the provision in the 1977 contract, Tasia was obligated to offer the property to Patrie and Gladys prior to executing the bond for deed contract with Gerald and Melba.
 

 Upon the happening of Tasia’s “desire” to sell the property, her failure to offer the property to Patrie and Gladys was a breach of the 1977 contract. While as we previously explained, the prescriptive periods provided in La. C.C. arts. 2568 and 2628 cannot be applied retroactively to this matter, the general prescriptive period applicable to breach of contract claims, La. C.C. art. 3499 (formerly La. C.C. art. 3544), does apply.
 
 See Allen v. Carollo,
 
 95-1840, p. 4 (La.App. 1st Cir.4/4/96), 674 So.2d 283, 286. That article provides that a personal action is subject to a liberative prescription of ten years. Accordingly, a claim asserting the right of first refusal granted in the 1977 contract was required to be filed within ten years of the event triggering the running of prescription on the exercise of the right, which was the execution of the bond for deed contract on June 25, 1995. This action to enforce the right of first refusal was not filed until October 25, 2007, more than twelve years after the triggering event. Thus, the finding that the claim is prescribed was proper.
 

 CONCLUSION
 

 Based on the foregoing discussion, we affirm the judgment of the trial court sus
 
 *255
 
 taining the peremptory exception on the grounds of prescription and no cause of action and dismissing the claim filed against Gerald and Melba Burns by Alma Burns on behalf of the Succession of Gladys Burns. All costs of this appeal are charged to Alma Burns, as executrix of the Succession of Gladys Burns.
 

 AFFIRMED.
 

 [1]
 

 . Sometime prior to executing the bond for deed contract, Tasia remarried and acquired the last name of Clutter.
 

 [2]
 

 . The provisions of La. C.C. art. 2628 were originally enacted as La. C.C. art. 2627, but later redesignated as La. C.C. art. 2628 pursuant to the statutory revision authority of the Louisiana State Law Institute.
 
 See
 
 La. C.C. art. 2628 — Historical and Statutory Notes.
 

 [3]
 

 . The petition states that the bond for deed contract "is on file and of record at COB 663, page 115,” but it does not state in what parish. As the immovable property that is the subject of the bond for deed contract is located in Livingston Parish, it is assumed that is the parish of recordation.
 

 [4]
 

 . The record contains documents relative to the probate of Gladys’ succession, and included among the documents is an "Affidavit of Death, Domicile and Heirship,” wherein it is recited that Patrie died on April 27, 1996, and Gladys died on November 3, 2005.