527 So.2d 37 (1988)
Thomas LAW, Jr., Plaintiff-Appellant,
v.
Donald MAYEUX, Defendant-Appellee.
No. 87-249.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
Thomas Law, Jr., Eunice, for plaintiff-appellant.
Donald L. Mayeux, Eunice, for defendant-appellee.
*38 Before FORET and LABORDE, JJ., and REGGIE[*], J. Pro Tem.
FORET, Judge.
Thomas Law, Jr. filed a malpractice suit against his court appointed attorney, Donald Mayeux, in the Twenty-Seventh Judicial District Court. An exception of prescription filed by Mayeux was sustained by the trial court, dismissing plaintiff's suit with prejudice. Plaintiff has devolutively appealed the judgment of the trial court.
Thomas Law, Jr. was charged with theft of $500 or more pursuant to La.R.S. 14:67, and Donald Mayeux was appointed by the court to represent him in these criminal proceedings. On November 9, 1981, Law entered a plea of guilty to theft of $500 or more and, on December 3, 1981, was sentenced to five years at hard labor. Law contends that it was only through misunderstanding that he plead guilty to this offense; that, in fact, he was under the impression that he was entering a guilty plea to a charge of theft of under $500.
Thereafter, on June 10, 1985, plaintiff filed suit against Mayeux, alleging that Mayeux was negligent in his representation of plaintiff in the aforesaid criminal proceeding. Plaintiff also alleges that Mayeux had assured him that in the event he did plead guilty, he would receive a sentence of no more than two years.
Two issues are presented for our consideration on appeal. Firstly, whether the trial court was correct in finding that the one-year prescriptive period provided by La.C.C. art. 3492 is applicable and secondly, whether or not plaintiff's cause of action (whether one or more) is prescribed.
In Rayne State Bank v. National Union Fire Insurance Co., 469 So.2d 409 (La.App. 3 Cir.1985), writ granted, 475 So. 2d 346 (La.1985), this Court held that legal malpractice suits based on negligence are prescribed in one year in accordance with Art. 3536(1)[1] of the La.Civil Code. We also held stated the ten-year prescriptive period would apply where the suit is based upon the breach of an agreement existing between attorney and client, pursuant to which the attorney guaranteed a specific result or outcome.
After hearing the testimony of the parties to this suit, the trial judge determined that the plaintiff's cause of action sounded in tort and therefore the one-year prescriptive period provided by Art. 3492 was applicable. We affirm the trial court's decision in this regard.
The next question is whether or not plaintiff's cause of action is prescribed. In negligence actions, the prescriptive period commences to run on the date the damages are sustained and not from the date of the alleged wrongful act. Rayne State Bank & Trust v. National Union Fire Insurance, 483 So.2d 987 (La.1986). In the instant case, Law entered a guilty plea on November 9, 1981. The defendant's alleged wrongful conduct took place on this date and on December 3, 1981, on which date plaintiff was sentenced to five years' hard labor by the trial court. Therefore, at the latest, plaintiff sustained damages on December 3, 1981, the date he was sentenced. Accordingly, it was on this date that the one-year prescriptive period provided for by Art. 3492 began to run. As noted above, plaintiff's suit was filed on June 10, 1985. Therefore, at the time of the filing of this lawsuit, plaintiff's cause of action had prescribed.
For the reasons set forth above, the judgment of the trial court dismissing plaintiff's suit, with prejudice, is affirmed, and all costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.
NOTES
[*] Judge Edmund M. Reggie, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Prior to the amendment and reenactment of Title XXIV of Book III of the La.Civil Code, La.C.C. Art. 3536 governed the prescriptive period for tort actions. Now, La.C.C. Art. 3492 is applicable.