718 So.2d 614 (1998)
Marion Francis GOWAN, Plaintiff-Appellant,
v.
Michael S. INGRAM, Judge, Defendant-Appellee.
No. 31037-CA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1998.
Marion Francis Gowan, in proper person.
Theus, Grisham, Davis & Leigh by Sharon Ingram Marchman, Monroe, for Defendant-Appellee.
Before WILLIAMS, STEWART and GASKINS, JJ.
STEWART, Judge.
This appeal arises from a suit for breach of contract for personal services, Fourth Judicial District Court, Ouachita Parish, the Honorable Douglas H. Allen, presiding. On February 3, 1997, Gowan filed a suit for breach of contract for personal services against Ingram based upon the alleged agreement between the two. The suit was met by an exception of prescription filed by Ingram, and the exception subsequently was heard and granted in November 1997. The plaintiff now appeals urging two assignments of error. We vacate and remand.

FACTS
In 1981 the plaintiff, Marion Francis Gowan, was charged with first degree murder and armed robbery. The defendant, Michael *615 Ingram, was appointed to represent Gowan. Gowan alleges that on or about September 10, 1981, Ingram told Gowan that if Gowan would pay $10,000 to Ingram and plead guilty to second degree murder, then Ingram would guarantee that Gowan would not serve more than 15 years in prison, even though second degree murder carries a mandatory punishment of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Gowan allegedly paid Ingram $10,000 on September 21, 1981, and pled guilty to second degree murder on September 24, 1981. However, on October 1, 1981, Gowan was sentenced to life imprisonment.
On February 3, 1997, Gowan filed a suit for breach of contract for personal services against Ingram based upon the alleged agreement between the two. The suit was met by an exception of prescription filed by Ingram, and the exception subsequently was heard and granted in November 1997.

PRESCRIPTION
In assignment of errors number one and two, Gowan urges that the trial court erred in granting the exception of prescription and dismissing the case with prejudice. Gowan argues that the terms of the alleged agreement did not fail until Gowan had served 15 years in prison, because until that time had elapsed Ingram could have timely performed. Gowan further argues that the alleged breach of contract is a personal action governed by a 10-year liberative prescription under the provisions of La. C.C. art. 3499, and that if Gowan had brought his action prior to the expiration of 15 years, his action would have been premature and subject to dismissal.
On the other hand, Ingram argues that under the provision of La. R.S. 9:5605 any action for damages against an attorney must be brought within one year of the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. In support of his position, Ingram cites Law v. Mayeux, 527 So.2d 37 (La.App. 3rd Cir.1988), for the proposition that the prescriptive period commenced to run at least by the date upon which Gowan was sentenced to life imprisonment. Therefore, Gowan's claim prescribed on or before October 1, 1982.
Although the trial court did not decide which prescriptive period applied to Gowan's claims, the trial court did conclude that it made no difference whether the prescriptive period was one year or ten years. The trial court found that the pertinent question was when prescription began to run and concluded, for the reasons asserted by Ingram, that the prescriptive period commenced to run in 1981, making Gowan's action untimely.

ANALYSIS
We begin our analysis by agreeing with the trial court that the pertinent question in this appeal concerns when prescription began to run. We also agree with the following statements from the legal malpractice case of Allen v. Carollo, 951840 (La.App. 1st Cir. 4/4/96), 674 So.2d 283:
The prescriptive period applicable to an action alleging breach of contract is ten years. LSA-C.C. art. 3499 (formerly LSA-C.C. art. 3544). The circumstances under which a breach of contract claim could be asserted against an attorney for legal malpractice were clarified by this court, sitting en banc, in Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La. App. 1st Cir.), writ denied, 431 So.2d 773 (La.1983). The court there stated, "when an attorney expressly warrants a particular result, i.e., guarantees winning a lawsuit, guarantees title to property, guarantees or warrants the ultimate legal effect of his work product, or agrees to perform certain work and does nothing whatsoever, then clearly there would be an action in contract and the ten year prescriptive period of La. Civ.Code art. 3544 would apply." Id at 999. The court opined, however, such instances would be rare and most legal malpractice claims would continue to be limited by the one-year prescriptive period applicable to delictual actions. LSA-C.C. art. 3492.
Because the appeal in Allen involved a motion for summary judgment, the court accepted a client's contention that his counsel *616 guaranteed him a specific result, giving rise to a breach of contract action for legal malpractice. Given the allegations of Gowan's petition, we conclude that the petition sufficiently states a claim against Ingram for breach of a contract in which Ingram guaranteed Gowan a particular legal outcome. We further conclude, as did the court in Allen, supra, that the Louisiana Legislature's 1990 enactment of La. R.S. 9:5605 legislatively abrogated the ten-year prescriptive period for breach of contract in legal malpractice claims. That statute provides:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and peremptive period shall be governed exclusively by this Section.
D. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
Under the plain language of the above quoted statute, the longest period for instituting a legal malpractice claim is three years, even when the action is styled as one for breach of contract. The only statutory exclusion from the three-year peremptive period is for fraud claims brought pursuant to La. R.S. 9:5605(E).
Having determined that the malpractice statute applies to Gowan's claim, we now must focus on the questionof when prescription began to run. Although Ingram has asserted and the trial court has concluded that prescription began to run in 1981 when Gowan was given the mandatory life sentence required for second degree murder, we cannot agree based on the record before us. The allegations of Gowan's petition assert that although second degree murder carries a mandatory life sentence, Ingram told Gowan that if Gowan would plead guilty to second degree murder and pay Ingram $10,000, Ingram would guarantee Gowan he would serve not more than 15 years in prison on the sentence. If Ingram had promised Gowan that he would not be sentenced to life imprisonment for second degree murder, then we would agree that the prescriptive period would have begun to run when Gowan was sentenced. However, because the alleged agreement concerned the length of time that Gowan would serve in prison, and because *617 the alleged agreement appeared to contemplate the fact that second degree murder carries a mandatory life sentence, it does not follow that the life sentence imposed necessarily would put Gowan on notice that Ingram could not perform under the terms of the alleged agreement. For this reason, this case is distinguishable from Law, supra, where the attorney allegedly assured the client he would not receive more than two years in prison, but the client received five years.
Because this action for an alleged breach of contract for legal services essentially involved a fixed time for an event to occur (Gowan's release from prison), the provisions of La. C.C. art. 1773 are pertinent in declaring that if a condition of an obligation is that an event shall occur within a fixed time, and that time elapses without the occurrence of the event, the condition is considered to have failed. In light of these provisions, there is arguable merit to Gowan's position that a breach of contract occurred when the fixed time elapsed without Gowan's release from prison, thus making Gowan's action timely.
At the same time, we also are cognizant of the principle that prescription does not begin to run until a party acquires knowledge of those facts upon which his claims are based unless his failure to know them is willful, negligent or unreasonable. Griffin v. Kinberger, 507 So.2d 821 (La.1987); Norwood v. Fish, 537 So.2d 783 (La.App. 2d Cir.1989). In the instant case, even though facts possibly could exist that would trigger the running of prescription at a point making this action untimely, no such facts have been placed in evidence. Instead, we essentially are dealing with the allegations presented on the face of Gowan's petition.
For the reasons set forth above, we conclude that the trial court erred in granting the exception of prescription based upon the facts presented. Accordingly, we hereby vacate that judgment and remand for further proceedings. Costs of the appeal are assessed to the appellee.
VACATED AND REMANDED.