ROBERT M. MURPHY, Judge.
| i>PIaintiffs/Appellants, Latessia and Markethy McClellan, appeal the grant of an Exception of Prescription rendered in favor of defendant, Premier Nissan L.L.C. For the reasons that follow, we reverse in part and affirm in part.
*935 Latessia and Markethy McClellan (“the plaintiffs”) filed suit on May 10, 2013, against Premier Nissan L.L.C. (Premier), alleging breach of a Sales Agreement and fraud pertaining to the McClellans’ purchase of a green 2004 Nissan Armada on August 19, 2005, and the associated trade in of the McClellans gray 2004 Nissan Armada as “partial payment.” On August 21, 2013, Premier filed an Exception of Prescription, which the trial court granted following a hearing on June 12, 2014. The plaintiffs timely sought an appeal challenging the trial court’s ruling on Premier’s exception.

LAW AND ANALYSIS

On appeal, the plaintiffs assert two interrelated assignments of error: 1) that the trial court erred in not applying a ten-year prescriptive period to their lawsuit, and; 2) that the trial court erred in granting defendant’s exception. Conversely, Premiere argues that the McClellans’ petition was prescribed on its face, as the alleged causes of action are torts, which are delictual in nature and therefore subject to a one year prescriptive period.
| .^Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be enforced. Of two possible constructions of a prescription statute, one barring the action and one maintaining it, the statute will be read in such manner as to maintain the obligee’s claim. Huth v. Pickering, 07-181 (La.App. 5 Cir. 8/28/07), 966 So.2d 652, 653, writ denied, 07-1889 (La.11/21/07), 967 So.2d 1157. The burden of proof in an exception of prescription lies with the party asserting it; however, where the petition shows on its face that it has prescribed, the burden shifts to the plaintiff to prove that the prescriptive period has been interrupted or suspended. Monson v. Travelers Property & Casualty Ins. Co., 09-267 (La.App. 5 Cir. 12/8/09), 30 So.3d 66, 69, writ denied, 10-43 (La.3/12/10), 28 So.3d 1030. If evidence is introduced at the hearing on the peremptory exception of prescription, the district court’s findings of fact are reviewed under the manifest error/clearly wrong standard of review. Stobart v. State, through DOTD, 617 So.2d 880, 882 (La.1993). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Id., 617 So.2d at 882-83.
At the hearing on Premiere’s exception, the trial court considered that the instant suit had, at one point in time, been timely filed but was dismissed “for want of prosecution” and may have been “revived.” The plaintiffs’ counsel introduced into evidence the petition and the memorandum in opposition to defendant’s exception as well as the exhibits attached thereto. In this case, the only date alleged in the plaintiffs’ petition is August 19, 2005, at which time the plaintiffs assert that they “entered into a Simple Interest Retail Installment Contact (“Sales Agreement”) with defendant for the purchase of a 2004 Nissan Armada.”
In Starns v. Emmons, 538 So.2d 275, 277 (La.1989), the Supreme Court noted:
The character of an action disclosed in the pleadings determines the prescriptive period applicable to that action. Duer & Taylor v. Blanchard, Walker, O’Quin & Roberts, 354 So.2d 192 (La.1978); Federal Insurance Co. v. Insurance Company of North America, 262 La. 509, 263 So.2d 871 (1972); Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574 (1957). Both Federal Insurance and Importsales involved parties who were damaged by conduct arising out of contractual relationships. Each *936 plaintiff had a choice between suing in contract or in tort.
Id. at 277.
In this case, the document executed between the parties facilitates the purchase of a 2004 Nissan Armada by the plaintiffs from defendant for a sales price of $58,047.28, payable over 71 installments. The plaintiffs’ petition in this case plainly alleges a cause of action for a breach of contract by the defendant. La. C.C. art. 3499 provides that “[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.” More specifically, the prescriptive period applicable to an action alleging breach of contract is ten years. Gowan v. Ingram, 31,037 (La.App. 2 Cir. 09/23/98), 718 So.2d 614, writ denied, 98-2696 (La.01/08/99), 735 So.2d 631.
Both parties to this appeal acknowledged in the proceedings below that a prior suit had been filed by the plaintiffs against Premier which asserted the same causes of action. It is not evident from the record before us when the first lawsuit was filed. However, even using the actual date of the contract as the point in time when the alleged breach of contract was committed by defendant, the plaintiffs would have had until August 15, 2015 to file suit. Accordingly, we find that the trial court erred in granting defendant’s exception of prescription as to the general breach of contract claims.
[.^Considering the foregoing, the exception of prescription granted in favor of defendant, Premier Nissan L.L.C., is reversed.

REVERSED.