ROBERTA. CHAISSON, Judge.
12Jonathan and Brandi Vince appeal a June 26, 2014 jury verdict in favor of the defendants, Dale Koontz and State Farm Automobile Insurance Company, dismissing the Vinces’ personal injury claims arising. out of an automobile accident. Because Mr. Koontz’s claims in his' recon-ventional demand have not yet been ruled upon, and, because there is no designation of the June 26, 2014 judgment as a final *334 judgment, we find that it does not constitute a final judgment for purpose of an immediate appeal. Accordingly, we dismiss the appeal.
FACTS AND PROCEDURAL HISTORY
This case arises from an automobile accident that occurred on November 11, 2012, in front of the St. James Boat Club on U.S. Highway 61, Airline Highway, in St. James Parish. Jonathan Vince was driving a pickup truck, owned by his wife, Brandi Vince, when he collided with a SUV towing a large boat. The SUV was being driven by Dale Koontz.
|aA few months following the accident, on January 4th, 2013, the Vinces filed a petition for damages alleging Mr. Koontz’s negligence caused them to suffer extensive injuries. Subsequently, Mr. Koontz and his insurer, State Farm Automobile Insurance Company (“State Farm”), filed an answer to this petition in which they denied the Vinces’ allegations and averred that the automobile accident was caused by the sole and exclusive negligence of Mr. Vince, or, alternatively, that Mr. Vince’s negligence contributed to the accident. The defendants further pled affirmative defenses of assumption of risk and failure to mitigate damages; they requested a trial by jury.
On November 8, 2013, Mr. Koontz filed a reconventional demand pursuant to La. C.C.P. art. 1061 in which he alleged that Mr. Vince was negligent and that his negligence was the sole cause in fact and legal cause of the accident.[1] Mr. Vince and his insurer filed an answer to the reconven-tional demand on February 14, 2004.
The matter came before a jury at a two day trial on June 4 and 5, 2014, on the merits of the Vinces’ claims against the defendants. The parties stipulated that Mr. Koontz’s reconventional claims would be tried by the judge, but that the jury’s determination regarding Mr. Vince’s liability would be controlling in the reconven-tional demand of Mr. Koontz, with the trial judge only assessing Mr. Koontz’s damages should the jury find Mr. Vince liable. After due deliberation, the jury entered a verdict in favor of Mr. Koontz dismissing the Vinces’ claims against him. According to the jury verdict form, the jury determined that Mr. Koontz was negligent, but that his negligence was not the proximate cause of the accident. Following the instructions on the verdict form, the jury did not address |4any remaining questions, including the questions relating to Mr. Vince’s negligence, or any allocation of fault between Mr. Vince and Mr. Koontz.
On June 26, 2014, in accordance with the jury’s verdict, the trial judge entered a judgment dismissing the Vinces’ claims in the main demand with prejudice and at their costs.[2] At that time, the trial judge deferred ruling on the reconventional demand until such time as the parties submitted a motion pertaining to a proposed judgment that the trial judge should adopt.
Following this judgment, on July 7, 2014, the Vinces filed a motion for judgment notwithstanding the verdict (“JNOV”) and/or a motion for a new trial in which they argued that the verdict form on which Mr. Koontz was found to be negligent, but not a proximate cause of the accident, was a mistake of law. On August 14, 2014, the trial judge denied the JNOV *335 motion, but granted the Vinces’ motion for a new trial. In his written reasons for judgment, the trial judge found that the jury was confused regarding causation and that the jury interrogatories were improperly structured in a way that precluded the jury from reaching the issue of liability of Mr. Vince. The trial judge further found that this failure, in turn, precluded him from rendering a verdict on the reconven-tional demand in accordance with the stipulation of the parties. .
Mr. Koontz filed a supervisory writ with this Court seeking a review of the trial judge’s granting of the motion for a new trial, and on November 20, 2014, this Court granted the writ application, finding nothing unduly confusing about either the jury instructions or the jury verdict form. Accordingly, we vacated the judgment granting a new trial and reinstated the June 26, 2014 judgment and the jury’s verdict. Vince v. Koontz, 14-709 (La.App. 5 Cir. 11/20/14) (unpublished writ disposition), writ denied, 14-2628 (La.3/27/15), 162 So.3d 384. On April 10, 2016, the Vinces appealed the June 26, 2014 judgment.
DISCUSSION
Louisiana Code of Civil Procedure art. 1915(B) states:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated- a final judgment by the court after an express determination that there is no just reason for delay. '
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised, at any time prior to the rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The June 26, 2014 judgment is a partial judgment because it addresses the claims of the Vinces in the main demand, but does not resolve Mr. Koontz’s claims in his re-conventional demand. The trial judge’s written reasons for his ruling on the motion for new trial- clearly indicate that because the parties stipulated that the jury’s decision regarding Mr. Vince’s liability would be controlling for Mr. Koontz’s re-conventional claim, and because the jury never reached the question of Mr. Vince’s liability, he is precluded from ruling on the reconventional demand' at' this time. On the record before us, we decline to speculate on the correctness of this assertion. However, whether or not the trial judge is precluded from ruling on the reconventional demand at this time, the June 26, 2014 judgment is nevertheless a partial judgment. La. C.C.P. art.1911 states' that “[n]o appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article T915(B).” The record before us reflects that there is no designation of the June 26, 2014 judgment as a final or partial final | ¿judgment, and therefore, in its current posture, we have no jurisdiction to hear this appeal.
DECREE
Having found that in its current posture we have no jurisdiction to hear this appeal, we accordingly dismiss the appeal. We remand this matter to the trial judge’ with instructions that he either issue- a judgment on.the reconventional demand, if he is able, to do so, or . designate the June 26, 2014 partial judgment as a final judgment *336 for the purpose of an immediate appeal pursuant to La. C.C.P. art 1915(B). '

APPEAL DISMISSED; REMANDED

. Jonathan Vince’s automobile insurer, Gram-ercy Insurance Co., was made a defendant-in-reconvention, Gramercy Insurance Co. was subsequently replaced in this action by its legal successor in interest, Citadel Insurance Company.

. As part of the June 26, 2014 judgment, the trial judge dismissed the claims of Brandi Vince, at her request, with prejudice and at her cost.