CHAISSON, J.
*454 Latessia and Markethy McClellan appeal an April 5, 2018 judgment of the trial court granting a motion for summary judgment and dismissing with prejudice their claims against Premier Nissan, L.L.C. ("Premier"), arising out of an alleged breach of contract and fraud relating to an automobile purchase. For the following reasons, we dismiss this appeal.
FACTS AND PROCEDURAL HISTORY
Latessia and Markethy McClellan filed suit on May 10, 2013, against Premier alleging breach of a sales agreement and fraud pertaining to the McClellans' purchase of a green 2004 Nissan Armada automobile on August 19, 2005, and an associated trade-in of the McClellans' gray 2004 Nissan Armada as "partial payment." On August 21, 2013, Premier filed an exception of prescription, which the trial court granted. On appeal, the Court reversed that judgment of the trial court, finding the applicable prescriptive period for the breach of contract action to be ten years. McClellan v. Premier Nissan, L.L.C. , 14-726 (La. App. 5 Cir. 2/11/15), 167 So.3d 934.
Following remand, on May 28, 2015, Premier filed an Answer and Reconventional Demand. In its position as plaintiff-in-reconvention, Premier seeks to recover from Latessia McClellan sums equal to 35 cents per mile and $35 per day for the use of the green 2004 Nissan Armada until the ultimate sale of the vehicle.
On February 2, 2018, Premier filed a Motion for Summary Judgment in which it argued that, with respect to Mrs. McClellan's breach of contract claim, there were no genuine issues of material fact and Premier was entitled to judgment as a matter of law. Following a March 28, 2018 hearing on the motion, the trial court issued a judgment on April 5, 2018, granting summary judgment in favor of Premier and dismissing Mrs. McClellan's breach of contract claim with prejudice. The McClellans appeal this judgment.
DISCUSSION
Louisiana Code of Civil Procedure article 1915(B) states:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time *455 prior to the rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The April 5, 2018 judgment is a partial judgment because it only addresses Mrs. McClellan's breach of contract claim in the McClellans' main demand, but does not resolve Premier's claim in reconvention.[1] See Vince v. Koontz , 15-301 (La. App. 5 Cir. 12/9/15), 182 So.3d 333. Pursuant to La. C.C.P. art. 1911, no appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment. The record before us reflects that there is no designation of the April 5, 2018 judgment as a final or partial final judgment, and therefore, in its current posture, we have no jurisdiction to hear this appeal.
DECREE
Having found that we lack jurisdiction, we dismiss this appeal. The matter is remanded to the trial court for further proceedings consistent with this opinion.
DISMISSED AND REMANDED

Additionally, given that the April 5, 2018 judgment is cast solely against Mrs. McClellan, it is unclear on what basis Mr. and Mrs. McClellan have jointly filed this appeal.