CHAISSON, J.
FACTS AND PROCEDURAL HISTORY
On December 5, 2016, Quincy and Delaina Moreau ("Mr. and Mrs. Moreau") and Moreau Services, LLC ("Moreau Services") filed a Petition for Damages Caused by Unfair Trade Practices, Conspiracy, and Fraud naming as defendants Pilot Travel Centers, LLC ("Pilot"), Scott Moore, A. Phelps Petroleum of Northwest Florida, Inc. ("Phelps Petroleum"), and Alvin Phelps. In their petition, plaintiffs alleged that defendants made misrepresentations to them in connection with hiring Moreau Services as a subcontractor to perform service-related work regulated by the Louisiana Department of Environmental Quality ("DEQ") from approximately August 2015 to February 2016.
On April 5, 2017, Pilot and Mr. Moore jointly filed peremptory exceptions of no cause of action and no right of action in which they argued, inter alia , that Mr. and Mrs. Moreau have no individual rights of action against them because all of the alleged conduct, including the contract for DEQ service work, was on behalf of their company, Moreau Services. On July 7, 2017, the trial court rendered judgment sustaining these exceptions, but allowed plaintiffs 15 days from the date of the judgment to file an amended petition.
On July 21, 2017, plaintiffs filed an amended petition. Pilot and Mr. Moore thereafter re-urged their peremptory exceptions of no cause of action and no right of action. Phelps Petroleum and Mr. Phelps also filed peremptory exceptions of no cause of action and no right of action in response to plaintiffs' amended petition.
On October 11, 2017, the trial court heard the peremptory exceptions filed by Pilot and Mr. Moore, but not the exceptions filed by Phelps Petroleum and Mr. Phelps. Thereafter, on October 24, 2017, the trial court issued a judgment overruling the exception of no cause of action, sustaining the exception of no right of action, and dismissing with prejudice all of the individual claims of Mr. and Mrs. Moreau against Pilot and Mr. Moore. Plaintiffs filed a timely motion for new trial which was denied by the trial court in a judgment issued January 26, 2018. It is from these judgments that plaintiffs filed their first appeal, which was docketed in this Court as No. 18-CA-174.
*586 On November 17, 2017, Pilot and Mr. Moore filed an answer to plaintiffs' amended petition in which they denied plaintiffs' allegations, asserted affirmative defenses, and raised new exceptions. Additionally, more than a year after the alleged transactions in late 2015 and early 2016, and more than 90 days since service of the amended petition, Pilot and Mr. Moore asserted demands in reconvention against Mr. and Mrs. Moreau for fraudulent misrepresentation and against Moreau Services for breach of contract.
On April 9, 2018, the trial court heard the peremptory exceptions filed by Phelps Petroleum and Mr. Phelps. Thereafter, on May 9, 2018, the trial court issued a judgment overruling the exception of no cause of action, sustaining the exception of no right of action, and dismissing with prejudice all of the individual claims of Mr. and Mrs. Moreau against Phelps Petroleum and Mr. Phelps. It is from this judgment that plaintiffs filed their second appeal, which was docketed in this Court as No. 18-CA-340.
On July 2, 2018, appellants filed a motion to consolidate the appeals, which was granted by this Court on July 10, 2018.
DISCUSSION
Louisiana Code of Civil Procedure article 1915(B) states:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to the rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
Pursuant to La. C.C.P. art. 1911, no appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment. See McClellan v. Premier Nissan L.L.C. , 18-376 (La. App. 5 Cir. 12/19/18), 262 So.3d 453, 2018 WL 6627287 ; Vince v. Koontz , 15-301 (La. App. 5 Cir. 12/9/15), 182 So.3d 333.
At the time that the October 24, 2017 judgment was issued, there remained outstanding claims by Moreau Services against all of the defendants, including Pilot and Mr. Moore. Furthermore, at that time, Mr. and Mrs. Moreau still had outstanding claims against Phelps Petroleum and Mr. Phelps. Because these outstanding claims remained and none of these parties were completely dismissed from this litigation, the October 24, 2017 judgment is a partial judgment under La. C.C.P. art. 1915(B).
At the time that the May 9, 2018 judgment was issued, there still remained outstanding claims by Moreau Services against all of the defendants, including Phelps Petroleum and Mr. Phelps. Furthermore, at that time, the reconventional demands filed by Pilot and Mr. Moore against Mr. and Mrs. Moreau individually were still outstanding. Because these outstanding claims remained and none of these parties were completely dismissed from this litigation, the May 9, 2018 judgment is also a partial judgment under La. C.C.P. art. 1915(B).
*587 Upon the filing of their motions for appeal, appellants failed to request a determination and designation by the trial court pursuant to La. C.C.P. art. 1915(B), and the record before us reflects that there has been no such designation of either of these judgments by the trial court. Therefore, this Court lacks jurisdiction to consider either of these consolidated appeals.
DECREE
Having found that we lack jurisdiction, we dismiss these consolidated appeals. This matter is remanded to the trial court for further proceedings consistent with this opinion.
APPEALS DISMISSED