IN RE: MEDICAL REVIEW PANEL
PROCEEDING OF RONALD LAPORTE (D)

NO. 25-CA-19

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 852-136, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING


September 24, 2025


**MARC E. JOHNSON**
**JUDGE**


Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.


**AFFIRMED IN PART;**
**REVERSED IN PART;**
**REMANDED WITH INSTRUCTIONS**
> **MEJ**
> **SJW**
> **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Waquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
RONALD LAPORTE
     Alexandre E. Bonin
     R. Christian Bonin
     Jean-Marc Bonin

COUNSEL FOR DEFENDANT/APPELLEE,
WEST JEFFERSON HOLDINGS, LLC D/B/A WEST JEFFERSON MEDICAL
CENTER
     Michael F. Nolan, Jr.
     Sarah L. Johnson

COUNSEL FOR DEFENDANT/APPELLEE,
RYAN TANENBAUM, M.D.
     Tara S. Bourgeois
     Jonathan E. Thomas
     Valerie A. Judice

**JOHNSON, J.**

Plaintiffs/Appellants, Peggy LaPorte and Ronell LaPorte, appeal the trial court's judgment that sustained peremptory exceptions of prescription filed by Defendants/Appellees, West Jefferson Holdings, LLC d/b/a West Jefferson Medical Center and Rian Tanenbaum, M.D., and dismissed their claims with prejudice arising from alleged medical malpractice in the 24th Judicial District Court, Division "C". For the following reasons, we affirm in part, reverse in part, and remand to the trial court with instructions.

## FACTS AND PROCEDURAL HISTORY

According to the pleadings, Ronald LaPorte arrived at the emergency room of West Jefferson Medical Center (hereinafter referred to as "WJMC") on November 18, 2022, after his primary care doctor instructed him to report to the emergency room due to an abnormal hemoglobin level. He was admitted to WJMC for a possible gastrointestinal ("GI") bleed and given a transfusion of red blood cells. Mr. LaPorte was then referred for a GI evaluation.

On November 22, 2022, Dr. Rian Tanenbaum, a gastroenterologist, performed a colonoscopy with a polypectomy on Mr. LaPorte due to iron deficiency anemia secondary to chronic blood loss. A 20 mm polyp and a 10 mm polyp were found and removed from Mr. LaPorte's cecum. Mr. LaPorte was discharged from WJMC on the same date.

Four days later, Mr. LaPorte was readmitted to WJMC on November 26, 2022 with complaints of rectal bleeding following his November 22, 2022 procedure. He was diagnosed in the emergency room with acute GI bleeding and was infused with two units of blood and one unit of platelets. However, after being subsequently diagnosed with acute leukemia, Mr. LaPorte was transferred to Tulane University Hospital for oncology treatment on November 28, 2022.

Mr. LaPorte was admitted to WJMC for a third time on December 12, 2022

for acute GI bleeding.  Palliative Care Medicine consulted with Mr. LaPorte and his family regarding his leukemia diagnosis and grave condition.  On December 20, 2022, Mr. LaPorte was discharged to home hospice care.  He later died on January 17, 2023.

On January 17, 2024, Peggy LaPorte (Mr. LaPorte's surviving widow) and Ronell LaPorte (Mr. LaPorte's surviving daughter)—(hereinafter collectively referred to as "Appellants")—instituted a request for a medical malpractice review panel[1] with the Louisiana Division of Administration against WJMC and Dr. Tanenbaum.  In their request, Appellants alleged that the polyp removal performed on Mr. LaPorte during the November 22nd colonoscopy was unnecessary, without informed consent, and against the standard of care for a patient suffering from chronic blood loss and anemia.  They asserted that the procedure caused various damages, including wrongful death and survival damages.  Appellants subsequently filed a petition to institute discovery in the trial court on March 7, 2024, requesting compulsory process and discovery proceedings, pursuant to La. R.S. 40:1231.8, *et seq*.

In opposition, WJMC filed a peremptory exception of prescription on April, 25, 2024, prior to any determination in the administrative proceeding with the Louisiana Division of Administration.  In its exception, it argued that Appellants' medical review panel request is prescribed on its face.  It contended that the alleged malpractice occurred on November 22, 2022, the date of the colonoscopy procedure; yet, Appellants' complaint was not filed until January 17, 2024, which was well over one year after the date of Mr. LaPorte's colonoscopy and polypectomy.  WJMC maintained that, based upon Mr. LaPorte's medical records, Appellants had actual or constructive knowledge that Mr. LaPorte's injuries,

---

[1] The request will interchangeably be referred to as "complaint" or "petition" throughout the opinion.

including his imminent death, may have been caused by medical malpractice resulting from the colonoscopy as soon as November 22, 2022 but no later than December 20, 2022—more than one year prior to the date of filing their complaints for survival and wrongful death damages.

Dr. Tanenbaum also filed an exception of prescription, alleging that Appellants' complaint is prescribed on its face. He contended that Appellants were required to allege the facts with particularity that showed they were unaware of the November 22, 2022 malpractice before their January 17, 2024 filing, and they failed to do so in their complaint. He maintained that Appellants had actual or constructive knowledge sufficient to excite their attention of their wrongful death and survival action claims no later than December 20, 2023.

Appellants did not file a brief in opposition to either of the exceptions of prescription.

A hearing on the exceptions was held on June 17, 2024. Counsel for Defendants argued and introduced evidence at the hearing. Although counsel for Appellants was present at the hearing, the trial court did not allow him to present any argument because no opposition brief had been filed, thereby forfeiting oral argument. At the conclusion of the hearing, the trial court sustained Defendants' exceptions of prescription. A written judgment to that effect was rendered on the same date, dismissing Appellants' complaint with prejudice. The instant appeal followed.

## ASSIGNMENTS OF ERROR[2]

On appeal, Appellants allege that the trial court erred as a matter of law in finding that their wrongful death claims were prescribed; and, the trial court was

---

[2] We note that Defendants assigned their own errors for review in their appellee briefs to this Court. However, Defendants did not file an answer or a motion to dismiss with this Court for consideration of their assignments of error. Therefore, those issues were not properly raised for consideration, and this opinion will not address Defendants' assignments of error.

clearly wrong and unreasonable in finding, on the limited documentary record, that their survival action claims were prescribed.

## LAW AND ANALYSIS

General Exception of Prescription Law

An exception of prescription is a type of peremptory exception. The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent or barred by the effect of law, and hence this exception tends to dismiss or defeat the action. *Ruffins v. HAZA Foods of Louisiana, LLC*, 21-619 (La. App. 5 Cir. 5/25/22), 341 So.3d 1259, 1262, citing *Farber v. Bobear*, 10-985 (La. App. 4 Cir. 1/19/11), 56 So.3d 1061, 1069. Prescriptive statutes are strictly construed against prescription and in favor of the claim. *Henry v. Southwest Airlines*, 23-522 (La. App. 5 Cir. 7/31/24), 392 So.3d 1176, 1179, *writ denied*, 24-1081 (La. 11/20/24), 396 So.3d 68. Of the possible constructions of a prescriptive statute, the one that maintains enforcement of the claim, instead of the one that bars enforcement, should be adopted. *Id*.

The burden of proof in an exception of prescription lies with the party asserting it; however, where the petition shows on its face that it has prescribed, the burden shifts to the plaintiff to prove the prescriptive period has been interrupted or suspended. *McClellan v. Premier Nissan, L.L.C.*, 14-726 (La. App. 5 Cir. 2/11/15), 167 So.3d 934, 935. At the trial of the exception of prescription, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. *Bailey v. Pinnacle Polymers, LLC*, 24-490 (La. App. 5 Cir. 4/2/25), 412 So.3d 1063, 1076, citing La. C.C.P. art. 931. If evidence is introduced at the hearing on the peremptory exception of prescription, the trial court's findings of fact are reviewed under the manifest error/clearly wrong standard of review. *Id*. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse,

even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.* In the absence of evidence, the exception of prescription must be decided on the well-pleaded allegations of material facts set forth in the petition, which are accepted as true. *Ruffins*, *supra*.

In this matter, Defendants introduced evidence at the hearing on the exception of prescription, which was admitted by the trial court. Because evidence was introduced and accepted, we must decide this matter under the manifest error/clearly wrong standard of review.

Wrongful Death Claim

Appellants allege that the trial court erred in finding that their wrongful death claim was prescribed under La. R.S. 9:5628. They argue that Mr. LaPorte died on January 17, 2023, and they filed their wrongful death claim on January 17, 2024, within one year of Mr. Laporte's death. They contend that wrongful death actions prescribe within one-year of the decedent's death, pursuant to La. C.C. art. 2315.2. As a result, Appellants maintain that their wrongful death claim is not prescribed on the face of their complaint.

Defendants aver that the trial court properly sustained their exceptions of prescription. Dr. Tanenbaum argues that Appellants' complaint failed to assert any fault against him for performing the colonoscopy with polypectomy on November 22, 2022 that caused or contributed to Mr. LaPorte's death on January 17, 2023, or identify any medical records to support such an allegation. He contends that, because Appellants' complaint does not contain the essential element of causation as to their wrongful death claim, the claim is invalid; and it was reasonable for the trial court to infer that Mr. LaPorte's cause of death was leukemia.

WJMC argues that, based upon Mr. LaPorte's medical records, Appellants had actual or constructive knowledge of alleged medical malpractice as early as November 22, 2022 but no later than December 20, 2022. It maintains that the

family and Mr. LaPorte were advised of the severity of his illness prior to his death. Thus, WJMC contends the alert excited Appellants' attention that Mr. LaPorte continued to suffer from a GI bleed since November 22, 2022 and gave them constructive knowledge that the alleged malpractice was potentially a cause of his death.

La. C.C. art. 2315.2 provides, in pertinent part,

A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
***
B. The right of action granted by this Article prescribes one year from the death of the deceased.

Although wrongful death claims arising from medical malpractice are procedurally governed by the Louisiana Medical Malpractice Act, the prescriptive periods set forth in La. R.S. 9:5628 do not apply to wrongful death claims. *Med. Review Panel for Bush*, 21-954 (La. 5/13/22), 339 So.3d 1118, 1123; *Jimenez v. Cattie*, 25-61 (La. App. 5 Cir. 7/30/25), 2025 WL 2159981. The commencement and running of the prescriptive period for the wrongful death action is controlled by the one-year liberative period applicable to delictual actions. *Id*, citing *Taylor v. Giddens*, 618 So.2d 834, 836 (La. 1993).

In the case at bar, Appellants filed their complaint on January 17, 2024. They alleged that Mr. LaPorte died on January 17, 2023, and they sustained damages from his wrongful death. The complaint was filed within one year of Mr. LaPorte's death. Thus, according to La. C.C. art. 2315.2(B), we find that Appellants timely filed their wrongful death claim with the Louisiana Division of Administration. Therefore, we find that the trial court erred in sustaining Defendants' exceptions of prescription as to Appellants' wrongful death claim. However, we raise a peremptory exception of no cause of action on our own

motion.

A cause of action, for purposes of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert an action against the defendant. *Labruzzo v. State*, 23-194 (La. App. 5 Cir. 5/22/24), 388 So.3d 1208, 1214. The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. *Id*. The failure to disclose a cause of action may be noticed by either the trial or appellate court on its own motion. La. C.C.P. art. 927. A petition should not be dismissed for failure to state a cause of action, unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of any claim that would entitle him to relief. *Labruzzo*, *supra*.

In reference to their wrongful death claim, Appellants' request for a medical malpractice review panel simply stated, "Claimants have damages for wrongful death… ." Consequently, we find that there are no operative facts stated in the complaint that give rise to Appellants' right to judicially assert a wrongful death claim against Defendants and sustain the exception of no cause of action. We further find that amendment of Appellants' request can cure the lack of operative facts needed to assert a wrongful death claim against Defendants. Therefore, we remand the matter to the trial court and order it to allow Appellants an opportunity to amend their wrongful death claim within their request within the time delay set by the court. (*See*, La. C.C.P. art. 934 that states, "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.")

Survival Action Claim

Appellants allege that the trial court erred in sustaining the exceptions of prescription as to their survival action claim. They assert that the trial court

erroneously relied upon representations made in partial medical records from Mr. LaPorte's hospitalization to conclude that they had constructive notice Mr. LaPorte was a victim of medical malpractice. They contend the partial medical records do not demonstrate that Mr. LaPorte's family had any reasonable suspicion that Mr. LaPorte was the victim of a tort prior to his death. Appellants also argue that mere apprehension something may have been wrong is insufficient to commence the running of prescription, unless the plaintiff knew or should have known through the exercise of reasonable diligence that his problem may have been caused by acts of malpractice. They claim that the medical records indicate that Mr. LaPorte's GI bleed was a secondary concern to his acute leukemia, and the family was unaware of the unexpected outcome from the procedure.

Defendants again aver that the trial court properly sustained their exceptions of prescription. Dr. Tanenbaum asserts that Appellants' complaint failed to allege with particularity that they were unaware of the alleged malpractice prior to any supposed date of discovery. He contends that Appellants specifically state in their complaint that the alleged malpractice occurred on November 22, 2022; yet, they make no claim that the alleged malpractice was discovered at a later date. He maintains that, since Appellants failed to allege that they were unaware of the alleged malpractice until a later date of discovery and the delay in discovering the alleged malpractice was reasonable, their complaint is prescribed on its face.

WJMC argues that Appellants wrongful death claim is prescribed on its face because it was filed more than a year after the alleged malpractice date. It contends that Appellants had actual or constructive knowledge by November 22, 2022 that Mr. LaPorte's injuries may have been caused by medical malpractice because the injuries were immediately apparent within days of the surgery, and Mr. LaPorte sought follow-up treatment on later visits to the emergency room. WJMC maintains that, because Appellants failed to present any evidence that their survival

claim was not prescribed, Appellants failed to carry their burden of proving that their claim was timely filed.

La. R.S. 9:5628 sets forth the applicable prescriptive period for survival actions as follows:

A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of the state, or community blood center or tissue bank as defined in R.S. 40:1231(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

La. R.S. 9:5628 has been referred to as a "tripartite prescriptive provision," meaning that the statute has three parts. *In re Medical Review Panel Proceedings of Glover*, 17-201 (La. App. 5 Cir. 10/25/17), 229 So.3d 655, 663, citing *In re: Medical Review Panel for Claim of Moses*, 00-2643 (La. 5/25/01), 788 So.2d 1173. First, one-year prescriptive period, which follows the same time frame as a traditional tort, is the general rule. *Id*. Second, when an injury is not immediate and apparent, there is a discovery exception to the general rule, known as *contra non valentum*, providing that such actions prescribe one year from the date of discovery of the alleged act, omission, or neglect. *Id*. Third, all claims are subject to a peremptive period of three years, regardless of discovery. *Id*.

Here, Appellants alleged that the date of Defendants' malpractice was November 22, 2022. However, they did not file their complaint of their survival action with the Louisiana Division of Administration until January 17, 2024. The complaint is prescribed on its face because it was not filed within one year of the alleged act. The burden then shifted to Appellants to prove that the prescriptive period had been interrupted or suspended. *See*, *McClellan*, *supra*. Appellants

failed to present any evidence of interruption or suspension of prescription to the trial court for consideration, effectively failing to meet their burden of proving that their survival action claim was timely filed.[3]  After considering the evidence presented by Defendants, which included Appellants' request for a medical malpractice review panel and Mr. LaPorte's medical records, we find that the trial court properly sustained Defendants' exceptions of prescription in regards to Appellants' survival action claim.

### DECREE

For the foregoing reasons, we affirm the trial court's judgment in part and reverse in part.  The matter is remanded to the trial court for compliance with the instructions set forth in this opinion.

**<u>AFFIRMED IN PART;</u>**
**<u>REVERSED IN PART;</u>**
**<u>REMANDED WITH INSTRUCTIONS</u>**

---

[3] Appellants' request described the alleged malpractice and their damages by stating:

Ronald Laporte arrived WJMC emergency room on November 18, 2022 on instruction from his primary care facility because he had a hemoglobin level of 5.0. Mr. Laporte and his family advised the emergency room team that he was receiving treatment for anemia for several months.  Mr. Laporte was admitted to WJMC after receiving a transfusion of PRBC and referred for a GI evaluation.

During the colonoscopy performed by Rian M. Tanenbaum on November 22, 2022, Dr. Tanenbaum removed a 20mm polyp and a 10 mm polyp from Mr. Laporte's cecum while investigation reasons for Mr. Laporte's iron deficiency anemia secondary to chronic blood loss.

Mr. Laporte was subsequently diagnosed with acute leukemia.  He died on January 17, 2023.

\*\*\*

Rian M. Tanenbaum, M.D. and/or West Jefferson Medical Center on information and belief performed an unnecessary surgical procedure, i.e., the polyp removal, without the informed consent of the patient and his family and against the standard of care for a patient suffering from chronic blood loss and anemia…Mr. Laporte was subsequently readmitted to the hospital.  He passed away on January 17, 2023. Claimants have damages for wrongful death, mental anguish, emotional stress, possible costs, and survival damages for pain and suffering, mental anguish, emotional stress, and other damages to be discovered.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 24, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 25-CA-19

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
ALEXANDRE E. BONIN (APPELLANT)        JEAN-MARC BONIN (APPELLANT)        R. CHRISTIAN BONIN (APPELLANT)
MICHAEL F. NOLAN, JR. (APPELLEE)      SARAH L. JOHNSON (APPELLEE)        JONATHAN E. THOMAS (APPELLEE)
TARA S. BOURGEOIS (APPELLEE)          VALERIE A. JUDICE (APPELLEE)

### MAILED
PAUL A. BONIN (APPELLANT)
ATTORNEY AT LAW
4224 CANAL STREET
NEW ORLEANS, LA 70119